## No. 10,990.

### MRS. ANNA CHAPOTON vs. HER CREDITORS.

The syndic can maintain a revocatory action to have a mortgage canceled, if given in fraud of creditors.

He may maintain the action against a creditor, as he can against a non-creditor of the insolvent.

The origin, or the date of the claims of certain creditors, will not be a cause of dis- missal of the action, should it appear that some of the creditors have a right under the *Actio Pauliana*.

The laws applying to the settlement of insolvent successions *in pari materia* may be construed with those applying to proceedings affecting the insolvents.

Although a judgment is not conclusive on the creditors; similar in that respect to judgment against administrators, representing creditors, the syndic can main- tain the revocatory action to have the mortgage of a creditor annulled, if it was given in fraud of the creditors.

APPEAL from the Twenty-third District Court, Parish of Iber- ville.  *Talbot, J.*

*Alex. Hébert* for Syndic, Appellant.

*E. T. Florance* for J. G. Spor, Defendant and Appellee.

The opinion of the court was delivered by

BREAUX, J.   The syndic of plaintiff's creditors brought suit to revoke and annul a mortgage she executed in favor of one of her creditors, on the ground that it was given a short time prior to the surrender of her property to her creditors; that she was insolvent at the time, to the knowledge of the mortgagee; that it was granted to the creditor with the intention of giving him an illegal and fraudulent preference, to the detriment and loss of other creditors.

The defendants (the insolvent and the mortgagee) tendered separate exceptions to plaintiff's action, in which they aver, substantially, that it is not competent for the syndic to maintain such a suit, because, being the representative of all the creditors, he could not champion the cause of some against others, or one class against another class; that creditors must litigate their claims *inter sese* and *en concurso*, and not by separate suits instituted by a syndic.

The District Judge maintained these exceptions, and from the judgment the syndic has appealed.

The action is revocatory.

Counsel representing one of the defendants seeks to establish a difference between a class of actions brought under the term *Actio Pauliana*, for the purpose of bringing back into the debtor's estate property that has passed out of it, and another class brought to have a right annulled, resting on the property that is still in the debtor's estate; that is, suits in one case against non-creditors and in the other against a co-creditor.   It is conceded that in proceedings against those who are not creditors, to bring into the estate property that has passed out of it, the syndic, as the representative of all the creditors, is authorized to stand in judgment.

But it is contended that in cases falling under the latter category, where the litigation is between creditors and creditors, the syndic can not "take sides;" that he must leave to his constituents the burden of settling their rights among themselves.

It is urged that if this distinction be kept in mind apparent inconsistencies in the decisions will disappear, because suits by syndics have been maintained where the property which was the subject thereof had passed out of the possession of the insolvent, and had to be brought back, and that suits had not been maintained whenever the issue has been the right of priority of payment out of the property surrendered to the syndic.

The law does not seem to contemplate the difference urged in giving to the representative of all the creditors, where there is a cession, an action to annul any contract, in fraud of their rights, and in authorizing him to sue and be sued in everything respecting the rights and actions which may belong to the insolvent debtor and which concerns the mass of creditors. C. C. 1970. R. S. 1811.

Judicial interpretation recognizes the right, in matter of claims, such as the one under consideration, of creditors in a *concursus*, of opposing the claim of an alleged preferred creditor.

This right has not been held as exclusive and as precluding the direct action between a syndic and a creditor who claims an adverse right.

In Girard vs. Mezier, 13 An. 147, it was held that the creditor can institute an action to cancel a contract made in fraud of creditors, after the cession of property.

The authority of the syndic to bring a similar action was not questioned.

In 14 An. 221, and other cases, it was decided that the syndic was incapable of standing in judgment in a suit to have a privilege recognized; that he represents the mass and not individual creditors.

This must be held correct when creditors bring suit to establish their claims as against their co-creditors, for the syndic can not stand in judgment for the purpose. The creditors have an interest in a fund to be distributed by the court and must contest in the distribution contradictorily with each other.

The syndic is without authority to oppose a creditor in this respect or to recognize his claim in any manner, so as to bind the other creditors.

But when a creditor has a right on property and holds it against the *concursus* and it becomes necessary to invoke the *Actio Pauliana* to have the property brought to the estate free from incumbrance, the syndic has authority to stand in judgment.

The question arose in the case of Byrne & Co. vs. Their Creditors, 33 An. 201, in which it was urged that the syndic is without authority to question the validity of any claims on the part of creditors.

The court held that his duty requires that he should resist all claims which he suspects as illegal or fraudulent, and maintained his answer setting up the nullity of the judgment of one of the creditors.

" The right to plead in behalf of the estate and of the creditors being once recognized in the syndic, can not be affected or modified by the nature, origin or the date of the claims of any creditor of the estate."

We have referred to the law authorizing the syndic to stand in judgment in all matters of interest to the creditors.

The grounds urged for restricting the right to non-creditors, in a revocatory action, are that judgment may be rendered annulling a mortgage given before the claims of some creditors were created, and to this judgment such creditors would not be entitled.

It sometimes happens in a concurso that creditors have rights in which their co-creditors do not share.

A fund may be distributed among particular creditors who have privileges.

" The revocatory action may be instituted by a syndic or administrator without regard to the date or origin of the claims of the creditors." Sullice vs. Gradenigo, 15 An. 582.

In distributing the funds the syndic represents all the creditors.

In suing to establish a right he may be placed in a position in opposition to the illegal and fraudulent demands of one or more of the creditors.

The next objection:

A suit of the latter character would not, if decided against the syndic, constitute *res adjudicata* against the creditors.

This is correct.

The decree between the creditor and syndic would bind them, but would not bind the creditors in all respects. In this we do not find cause to dismiss the action.

A decree against an administrator representing creditors does not unqualifiedly bind the latter. That would not be considered good ground to dismiss an action against an administrator.

The laws applying to the settlement of insolvent successions *in pari materia* may be taken and construed together with those applying to proceedings in insolvency, as one system and as explanatory of each other.

Although a judgment may not be conclusive on the creditors similar in that respect to judgment against administrators representing creditors, the syndic can maintain the revocatory action to have

23

the mortgage of a creditor annulled if it was given in fraud of creditors. The State ex rel. Cohen vs. Judge, 41 An. 41.

It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided and reversed; that the case be remanded to the lower court; that it be reinstated on its docket for further proceedings according to law, appellee to pay costs of appeal.